IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZTS INVEST, A.S., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 01-1359 |
| | ) |
| TIPPINS FIELD SERVICES, INC. | ) |
| and TIPPINS, INCORPORATED, | ) |
| | ) |
| Defendants. | ) |

OPINION

In this diversity action, plaintiff, ZTS Invest, A.S. ("ZTS"), asserted claims against defendant Tippins Field Services, Inc. ("TFS") for breach of contract, unjust enrichment and account stated, arising out of a project for the construction of a steel rolling mill in Ostrava, Czech Republic. ZTS filed a motion for summary judgment pursuant to Fed.R.Civ.P. 56, which resolved its claims against TFS and resulted in a determination that TFS is liable to ZTS in the principal amount of $193,039.32.[1] The only remaining issue before the Court is the amount of interest to which ZTS is entitled,[2] and, after hearing

---

1. ZTS also moved for summary judgment with respect to its breach of contract claim against defendant Tippins, Incorporated ("Tippins, Inc."). However, the Court concluded that issues of fact precluded the entry of judgment in favor of ZTS and against Tippins, Inc. as a matter of law on this claim. Following a non-jury trial, the Court concluded that Tippins, Inc. was not liable to ZTS for breach of contract and judgment was entered in favor of Tippins, Inc. and against ZTS.

2. TFS does not dispute that ZTS is entitled to interest on the $193,039.32 that remains due and owing. However, TFS does dispute ZTS's calculation of such interest.

the arguments of counsel and receiving additional evidence, the Court makes the following Findings of Fact and Conclusions of Law. For the reasons stated therein, interest in the amount of $102,822.52 will be awarded to ZTS.

Findings of Fact

1. In 1998, Nova Hut A.S. ("Nova Hut"), a steel maker, hired ICF Kaiser Netherlands B.V. ("ICF Kaiser") to serve as general contractor for the construction of a steel rolling mill in the Czech Republic ("the Nova Hut project"). Thereafter, ICF Kaiser entered into a subcontract with Tippins, Inc. for the design of the steel rolling mill and a subcontract with TFS for the installation of the steel rolling mill. In turn, both Tippins, Inc. and TFS entered into several hundred subcontracts for the Nova Hut project.

2. ZTS is in the business of manufacturing and selling industrial and hydraulic equipment, including steel finishing equipment. Pursuant to TFS Purchase Order Nos. 21900-240025 (dated March 13, 1998) and 21900-240065 (dated August 25, 1998), ZTS manufactured and supplied certain industrial equipment to TFS for the Nova Hut project. (ZTS Exhs. 2 and 3). Both purchase orders issued to ZTS by TFS state that the Terms and Conditions set forth on the reverse side of the purchase orders are subservient to the Standard General Conditions applicable to the Nova Hut project. (ZTS Exh. 2, pp. 3-4, Exh. 3, p. 2).

3. ZTS fully complied with its obligations under the two purchase orders issued by TFS, and TFS paid a total of $523,431.05 to ZTS, resulting in a balance due of $281,074.95.

4. The Nova Hut project was plagued with problems, including ICF Kaiser's financial difficulties and lack of expertise in installing steel rolling mills which required TFS to exceed the scope of its subcontract with ICF Kaiser. In the summer of 1999, ICF Kaiser went bankrupt and stopped paying its subcontractors, including Tippins, Inc. and TFS. The cessation of payments from ICF Kaiser adversely affected the ability of Tippins, Inc. and TFS to pay their respective subcontractors.

5. Michael Smarto, Tippins, Inc.'s Executive Vice President and Chief Financial Officer, assigned Robert Simmers, Tippins, Inc.'s Purchasing Manager, the responsibility of dealing with the subcontractors of Tippins, Inc. and TFS who were no longer being paid due to ICF Kaiser's cessation of payments to Tippins, Inc. and TFS.[3] Negotiations between Mr. Simmers and the principals of ZTS resulted in the execution of an Irrevocable Payment Commitment (the "IPC") on August 31, 1999, which covered $78,035.63 of the balance due and owing to ZTS by TFS. (ZTS Exh.

---

3. Tippins, Inc. provided administrative services to TFS for a fee pursuant to annual contracts. It was pursuant to this arrangement that Mr. Smarto and Mr. Simmers were handling the problems which arose from TFS's inability to pay its subcontractors on the Nova Hut project due to the cessation of payments from ICF Kaiser.

4).[4]  With respect to the remaining balance of $203,039.32 that is owed to ZTS, as contemplated by the IPC, on January 17, 2000, TFS and ZTS entered into an agreement regarding a payment schedule.  (ZTS Exh. 5).

      6.  Pursuant to the terms of the January 17, 2000 agreement between TFS and ZTS, on February 8, 2000, TFS wired a $10,000 payment to Account No. 130027197 at the Republic National Bank of New York in New York, New York.  (Tippins Exh. A).  However, no further payments have been wired to ZTS by TFS.  Thus, the principal balance that remains owing to ZTS by TFS under the January 17, 2000 agreement is $193,039.32.

Conclusions of Law

      7.  As noted previously, the sole remaining issue in this case is the appropriate rate of interest to be awarded to ZTS on the balance of $193,039.32 that remains due and owing from TFS under the January 17, 2000 agreement.  ZTS has calculated interest in accordance with the second to last paragraph of the January 17th agreement, which provides for interest at the rate

---

4. The $78,035.63 that was the subject of the IPC was to be paid from an escrow account established by Nova Hut and ICF Kaiser to provide security for any amounts due to TFS on the Nova Hut project.  However, no funds were ever released from the escrow account referred to in the IPC.  As a result, ZTS has never been paid the $78,035.63 that is the subject of the August 31, 1999 IPC.

of 1.5% per month (ZTS Exh. 9),[5] and, after consideration, the Court agrees with TFS that ZTS's use of the interest rate set forth in the January 17, 2000 agreement is improper.

    8. The second to last paragraph of the January 17, 2000 agreement also provides that "[i]n the event two (2) months would elapse without a payment being made by Tippins, this Agreement is considered null and void and ZTS/B.E.A. shall the right to pursue its legal remedies under the original contract for the full amount then due and owing plus interest and any other damages that may pertain." (ZTS Exh. 5). Contrary to ZTS's position, the Court concludes that this provision is clear and unambiguous and, therefore, interest will be calculated in accordance with the provisions of the purchase orders issued to ZTS by TFS.

    9. Section 7 of the Standard General Conditions applicable to the Nova Hut project purchase orders provides, in relevant part, that "[l]ate payments shall bear interest at the annual rate of LIBOR ... plus 3%."[6] (Tippins Exh. C). Based on the evidence submitted by TFS, the Court finds that the

---

5. With respect to interest, the January 17, 2000 agreement between ZTS and TFS provides: "In the event Tippins does not make the agreed upon payments per the enclosed schedule, ZTS/B.E.A. shall charge Tippins interest of 1.5% per month or a corresponding daily prorate amount for any unpaid balance." (ZTS Exh. 5).

6. LIBOR is an acronym for "London Inter-Bank Offered Rate." (Tippins Exh. B).

applicable LIBOR rate of interest is 5.303%.  (Tippins Exh. B) Thus, the rate of interest to be applied from April 1, 1999 (the date on which the parties agree that interest began to accrue on the unpaid balance owed to ZTS by TFS) through August 5, 2005 (the date of the Court's decision following the non-jury trial of the remaining claim against Tippins, Inc.) is 8.303%.  From August 6, 2005 through the issuance of this decision, the Court agrees with TFS that the applicable interest rate is the rate provided by Pennsylvania law or 6%.

        10.   Based on the Court's calculations, ZTS is entitled to the following interest on the principal balance owed to it by TFS:

| | |
|---|---|
| 4/1/99 to 8/5/05 | $101,730.44 |
| 8/6/05 to 9/9/05 | $ 1,092.08 |
| Total | $102,822.52 |

An order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZTS INVEST, A.S., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 01-1359 |
| TIPPINS FIELD SERVICES, INC. and TIPPINS, INCORPORATED, | ) ) ) |
| Defendants. | ) |

ORDER

AND NOW, this 9th day of September, 2005, in accordance with the foregoing Findings of Fact and Conclusions of Law, it is hereby ORDERED that plaintiff, ZTS Invest, A.S., is entitled to an award of interest in the total amount of $102,822.52.

William L. Standish
United States District Judge

cc: Patrick Sorek, Esq.
LEECH TISHMAN FUSCALDO & LAMPL
Citizens Bank Building
30th Floor
525 William Penn Place
Pittsburgh, PA 15219
Email:

Patrick K. Cavanaugh, Esq.
DEL SOLE CAVANAUGH, LLC
The Waterfront Building
200 First Avenue
Pittsburgh, PA 15222
Email: